### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

_____

ALI SHUKRI AMIN,                )
                                )
               Plaintiff,   )
                                )
    v.                          )      Civil Action No. 19-1572 (ABJ)
                                )
DONALD J. TRUMP, *et al.*,       )
                                )
            Defendants.  )
_____ )

### MEMORANDUM OPINION

Ali Shukri Amin brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, alleging that various federal government agencies have refused to release the records he requested. This matter is before the Court on Defendants' Motion to Dismiss or for Summary Judgment (ECF No. 22). For the reasons discussed below, the Court GRANTS defendants' motion.

## I. FACTUAL BACKGROUND

In the United States District Court for the Eastern District of Virginia, plaintiff plead guilty to a single count of Providing Material Support and Resources to a Designated Foreign Terrorist Organization in violation of 18 U.S.C. § 2339B. *See* Plea Agreement, *United States v. Amin*, No. 1:15-cr-0164 (E.D. Va. June 11, 2015). The court imposed a 136-month term of imprisonment followed by a life term of supervised release. *See* Judgment in a Criminal Case, *United States v. Amin.*, No. 1:15-cr-0164 (E.D. Va. August 28, 2015); *see generally* Compl., Ex. (Criminal Docket for Case # 1:15-cr-00164) (ECF No. 1 at 11-15 (page number designated by ECF)).

According to plaintiff, he is actually innocent of the crime for which he has been convicted and had been incarcerated unlawfully at a Federal Bureau of Prisons ("BOP") facility.[1]  *See* Compl. ¶¶ 2, 10.  He demands the release of the following documents:

> a) Certified copy of his plea agreement;
>
> b) Affidavit of Criminal Complaint;
>
> c) Information filed by the government;
>
> d) Arrest warrant or summons;
>
> e) Letter of Certificate of Concurrence;
>
> f) Affidavit of Complaint of Probable Cause Hearing;
>
> g) Grand Jury Transcripts;
>
> h) Grand jury ballot;
>
> i) Grand jury record, and;
>
> j) All indictments, duly endorsed by their foreperson and the United
> States Attorney.

*Id*. ¶ 7.  Plaintiff opines that the documents listed above "would demonstrate whether or not [he was] held lawfully, *id*. ¶ 10, yet defendants have refused to disclose them, *see id.* ¶¶ 4, 11, in violation of FOIA, *see id*. ¶¶ 2, 10.

The complaint itself does not identify a particular FOIA request plaintiff submitted to the U.S. Department of Justice ("DOJ"), any of its components, or any other federal government agency.  Attached to the complaint is a copy of a letter from the U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, indicating that it received a FOIA request from plaintiff on February 4, 2019.  *See id*., Ex. (ECF No. 1 at 8-9).  The Department of Homeland Security is not named a defendant in this action, however.

---

[1]  When plaintiff filed this civil action on May 17, 2019, he was incarcerated at FCI Allenwood in White Deer, Pennsylvania.  In November 2019, plaintiff advised the Court that he had been released from custody.  *See* Notice of Change of Address (ECF No. 15) and Advice as to Reason for Change of Address (ECF No. 21).

## II. ANALYSIS

### A. Proper Defendants in a FOIA Case

A claim under FOIA is a claim against a federal government agency.  *See* 5 U.S.C. § 552(a)(4)(B) (conferring on the federal courts "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant"); *Cooper v. Stewart*, No. 11-5061, 2011 U.S. App. LEXIS 25010, at *2 (D.C. Cir. Dec. 15, 2011) (per curiam); *Johnson v. United States*, 239 F. Supp. 3d 38, 42 (D.D.C. 2017), *aff'd*, No. 16-5221, 2017 U.S. App. LEXIS 19797, at *2 (D.C. Cir. Oct. 10, 2017) (per curiam).  The Court therefore will dismiss the "named individual defendants because no cause of action exists that would entitle [Plaintiff] to relief from them under the . . . FOIA." *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006).  This case proceeds as against the U.S. Department of Justice.

### B. Summary Judgment in a FOIA Case

Defendants move to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6).  Because defendants submit and the Court considers matters outside the pleadings, the Court treats defendants' motion as one for summary judgment under Rule 56.  *See* Fed. R. Civ. P. 12(d).  The Court's December 9, 2019 Order (ECF No. 24) advised plaintiff of his obligation to respond to a summary judgment motion and the consequences if he failed to do so.  Thus, plaintiff has had "given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, . . . together

with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). To defeat summary judgment, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id*. at 324 (internal quotation marks omitted). The mere existence of a factual dispute is insufficient to preclude summary judgment. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party; a fact is "material" only if it is capable of affecting the outcome of the litigation. *Id*. at 248; *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987).

When considering a motion for summary judgment under FOIA, the court must conduct a de novo review of the record. *See* 5 U.S.C. § 552(a)(4)(B). The Court may grant summary judgment based on information provided in an agency's affidavits or declarations when they are "relatively detailed and non-conclusory," *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation omitted), and "not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs*., 926 F.2d at 1200 (citation and internal quotation marks omitted).

### C. Exhaustion of Administrative Remedies

Generally, in a FOIA case, "[e]xhaustion of administrative remedies is . . . required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003) (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)); *see also* 5 U.S.C. § 552(a)(6). While "the exhaustion requirement is not jurisdictional because the FOIA does not unequivocally make it so[,]" judicial review is precluded

4

as a jurisprudential matter because "the 'purposes of exhaustion' and the 'particular administrative scheme' support such a bar." *Hidalgo*, 344 F.3d at 1258–59 (quoting *Oglesby*, 920 F.2d at 61); *see also Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180, 182 (D.C. Cir. 2013) ("[A] FOIA requester must exhaust administrative appeal remedies before seeking judicial redress."); *Oglesby*, 920 F.2d at 61–62 ("Courts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts.") (citations omitted).

A proper FOIA request is one which "reasonably describes" the records sought and complies with an agency's published procedures. 5 U.S.C. § 552(a)(3)(A). A requester's "failure to comply with an agency's FOIA regulations is the equivalent of a failure to exhaust." *West v. Jackson*, 448 F. Supp. 2d 207, 211–12 (D.D.C. 2006) (citing *Ivey v. Snow*, No. 05-1095, 2006 WL 2051339, at *3 (D.D.C. July 20, 2006)). And if an agency does not receive a request pursuant to its published procedures, the agency has no obligation to respond to it. *See Lopez v. Nat'l Archives & Records Admin.*, 301 F. Supp. 3d 78, 88–89 (D.D.C. 2018) ("Since it is undisputed that plaintiff's request was not sent through the proper channels to CIA, the agency was not required to respond, and plaintiff did not exhaust his administrative remedies as to that agency."); *Banks v. Lappin*, 539 F. Supp. 2d 228, 235 (D.D.C. 2008) (granting judgment as a matter of law to defendants because there was no evidence they had received the FOIA request at issue).

### 1. Federal Bureau of Prisons

FOIA requests to BOP are made through its website portal or by mail addressed to the Federal Bureau of Prisons, FOIA/PA Section, 320 First Street, N.W., Washington, DC 20534. Declaration of Kimberly Blow (ECF No. 22-3, "Blow Decl.") ¶ 6. Prisoners typically submit FOIA requests by First Class mail because their access to the internet is restricted. *See id*. ¶¶ 6-7.

BOP's Central Office Mail Room receives all correspondence to BOP's headquarters, and logs only those items sent by certified, priority or express mail or by a courier prior to delivery to the appropriate office or division.  *See id*. ¶¶ 7-8.

BOP tracks FOIA requests to the agency in a database called FOIAXpress.  *See id*. ¶ 4. Upon receipt of a FOIA request by mail, a legal assistant stamps the envelope and request and reviews the submission to verify that it actually is a FOIA request.  *See id*. ¶ 9.  The assistant also determines whether "the requester seeks records about himself . . . and has provided a Certificate of Identity."  *Id*.  If the requester is a current or former inmate who seeks information about himself, the legal assistant enters his or her registration number into FOIAXpress.  *Id*.  Such a request is scanned and emailed to the region encompassing the inmate's current or last designated institution. *See id*.  FOIAXpress automatically generates a tracking number (BOP FOIA Request Number). *Id*.  BOP then sends a letter to the requester acknowledging receipt of his FOIA request and notifying him of the tracking number.  *See id*.  FOIAXpress can be searched by BOP FOIA Request Number, a requester's name, and by an inmate requester's register number.  *Id*. ¶ 10.

A search of FOIAXpress using plaintiff's name and register number as search terms did not locate a FOIA request from him.  *Id*. ¶ 12.  Nor did a search of hard copy files at BOP's FOIA Office locate a FOIA request from plaintiff.  *Id*.  Notwithstanding the slim chance that plaintiff submitted his FOIA request by email, BOP "search[ed] the BOP's eFOIA electronic inbox to determine if BOP . . . forwarded his request to the [EOUSA] since the records he sought . . . relate to his criminal case."  *Id*. ¶ 13.  A search using plaintiff's name and register as search terms did not locate a referral to EOUSA.  *Id*.

### 2. Executive Office for United States Attorneys

A FOIA request to the Executive Office for United States Attorneys ("EOUSA") is made either through an online portal or by mail addressed to EOUSA at 175 N Street, N.E., Suite 5.400, Washington, DC 20530-0001.  Declaration of Ebony Griffin (ECF No. 22-4, "Griffin Decl.") ¶ 7. Prisoners "generally mail FOIA requests to the physical address due to internet restrictions that preclude usage of the FOIA online portal." *Id*. ¶ 8.  Upon receipt, a staff member logs the request into a correspondence log book, enters the request in EOUSA's FOIA online database, and assigns the matter an EOUSA processing number.  *See id*. ¶ 9.

EOUSA searched its FOIA online portal by plaintiff's name and did not locate a FOIA request from him.  *Id*. ¶ 10.  And after having searched the EOUSA correspondence log book for requests received by mail in 2019, EOUSA concluded that plaintiff had not submitted a FOIA request. *Id*. ¶ 11.

### 3. Office of Information Policy

A requester may submit a FOIA request to OIP by mail or email.  Declaration of Vanessa R. Brinkmann (ECF No. 22-5, "Brinkmann Decl.") ¶ 2.  A member of OIP's Initial Request staff logs in each FOIA request in an electronic tracking system.  *Id*.

OIP searched its electronic tracking system and "the email inboxes OIP has set up to receive FOIA requests from requesters or from other [DOJ] components [which] route FOIA requests to OIP."  *Id*.  The searches used plaintiff's full name and only his last name as search terms.  *See id*.  These searches "yielded no results related to [p]laintiff."  *Id*.

### 4. United States Marshals Service

A prisoner may submit a FOIA request to the U.S. Marshals Service ("USMS") by mail addressed to: FOIA/PA, Office of General Counsel, CG-3, 15th Floor, Washington, DC 20350-

0001.   Declaration of Charlotte Luckstone (ECF No. 22-6, "Luckstone Decl.") ¶ 5.   There, incoming mail is scanned and transported to USMS Office of General Counsel in Arlington, Virginia.   *Id*.   Each FOIA request is "logged into the agency's FOIA access database, which is a Microsoft Excel based application, and assigned a USMS processing number."   *Id*. ¶ 6.   The log indicates the date on which USMS received the request, the individual who submitted it, the information requested, and the OGC FOIA/PA Specialist assigned to process the request.   *See id*.

The FOIA/PA Specialist "may conduct a preliminary search of database(s) containing records collected by the USMS."   *Id*. ¶ 7.   If the specialist determines that responsive records might be located in a District Office or elsewhere at USMS Headquarters, he or she refers the matter to that office, where the appropriate staff member would conduct a search for responsive records. *See id*. ¶¶ 8, 10.   If that staff member locates potentially responsive records, he or she send them to the FOIA/PA Specialist at OGC for review, processing, and response to the requester.   *See id*. ¶¶ 10-11.

"USMS maintains an electronic shared drive where records pertaining to completed FOIA requests are maintained."   *Id*. ¶ 12.   Information in this shared drive is arranged by fiscal year, and within each fiscal year, records are arranged alphabetically by the requesters' names.   *Id*.   *Id*. Searches of the USMS FOIA database and the electronic shared drive using plaintiff's name as a search term yielded no results.   *See id*. ¶¶ 13-14.

Plaintiff explains that he addressed a FOIA request to "Freedom of Information Act Director" at 111 Massachusetts Avenue, N.W., ULLICO Building, Washington, DC 20539.   Pl.'s Opp'n ¶ 2.[2]   Further, he states that, "[f]or reasons unknown to him, that office chose to forward

---

[2]  As indicated in its January 10, 2020 Minute Order, the Court construes plaintiff's "Motion to Strike Defendants' Motion and Cause Shown as to Genuine Dispute of Material Fact" (ECF No. 25) as plaintiff's opposition ("Pl.'s Opp'n") to Defendants' motion.

his request to the . . . United States Citizenship and Immigration Services." *Id.* Plaintiff suggests that the agency should have directed his FOIA request elsewhere, and considers his incarceration a valid reason for not having identified the appropriate recipients of his requests. *See id.* ¶ 19. According to plaintiff, it is unreasonable for him "to have been . . . required to locate the address of the offices of every pertinent [FOIA] branch and send each an independent request – for documents he was entitled to *ab initio* – whilst incarcerated." *Id.* ¶ 20. For him, exhaustion "a tangential issue . . . of no direct importance to the issue of illegally concealed criminal documentation." *Id.* ¶ 25. Nevertheless, plaintiff purports to have made "laborious attempts to obtain this information under the [FOIA] and otherwise . . . prior to this suit." *Id.* ¶ 23.

An agency's obligation to disclose records "is not triggered . . . until a proper request has been received." *Pickering–George v. Registration Unit, DEA/DOJ*, 553 F. Supp. 2d 3, 5 (D.D.C. 2008); *see also* 5 U.S.C. § 552(a)(6)(A)(i) (requiring an agency to "determine within 20 days . . . after receipt" of a request "whether to comply" with it and to notify the requester accordingly). It is not enough that Plaintiff mailed a FOIA request to a federal government agency. He must show that he sent proper FOIA requests to BOP, EOUSA, OIP or USMS, and that these DOJ components actually received his requests. He fails to do so, and in contrast, defendants demonstrate that none received a FOIA request from plaintiff.

Although exhaustion of administrative remedies does not bar judicial review automatically, *see Oglesby*, 920 F.3d at 61, this Circuit consistently has held that FOIA's administrative scheme supports such a bar, and thus "requires each requestor to exhaust administrative remedies" prior to filing suit. *Hidalgo*, 344 F.3d at 1259 (citing *Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999) (additional citations omitted). Here, plaintiff's failure to submit a proper FOIA request deprives each defendant agency of an opportunity to apply its expertise and make a factual

record for this Court's review.  The purposes of administrative exhaustion simply are not served in the circumstances of this case.  *See Freedom Watch, Inc. v. FBI*, No. 18-1912, 2019 U.S. Dist. LEXIS 1598, at *7 (D.D.C. Jan. 4, 2019) (dismissing FOIA case where "[j]urisprudential considerations behind the purposes of both exhaustion and FOIA support" dismissal); *Macleod v. U.S. Dep't of Homeland Sec.*, No. 15-1792, 2017 U.S. Dist. LEXIS 153651, at *34 (D.D.C. Sept. 21, 2017) (concluding that requester's "failure to avail himself of an administrative appeal clearly forecloses his ability to challenge the [the agency's] response in this lawsuit").

## III. CONCLUSION

Based on defendants' showing that plaintiff failed to submit a proper FOIA request to the Federal Bureau of Prisons, the Executive Office for United States Attorneys, the Office of Information Policy or the U.S. Marshals Service, the Court concludes that Plaintiff did not exhaust his administrative remedies prior to filing this lawsuit.  Therefore, the Court GRANTS Defendant's Motion to Dismiss or for Summary Judgment.  An Order is issued separately.


DATE: June 29, 2020                          /s/
                                             AMY BERMAN JACKSON
                                             United States District Judge

10